Dennis M. Gieck
(Name)
7018 Blair Road
(Address)
Calipatria, CA
(City, State, Zip)
K76640
(CDC Inmate No.)

| 2254 | 1983 ✓ |
| FILING FEE PAID | |
| Yes | No ✓ |
| IFP MOTION FILED | |
| Yes ✓ | No |
| COPIES SENT TO | |
| Court ✓ | Prose |

**FILED**

OCT 2 4 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# ORIGINAL

## United States District Court

### Southern District of California

Dennis Michael Gieck,

(Enter full name of plaintiff in this action.)

                                         Plaintiff,

v.

L. Canada, L.V.N.;
Thomas Kemp, R.PH.;
A.T., Registered PH.;
Martin Earle Levin, MD;
John Doe No. 1, PH.TECH;
John Doe No. 2, PH.TECH;

                                         Defendant(s).

'07 CV 2083 J    BLM

Civil Case No. _____
(To be supplied by Court Clerk)

Complaint under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

_____

## B. Parties

1. **Plaintiff:** This complaint alleges that the civil rights of Plaintiff, Dennis
Michael Gieck, who presently resides at Calipatria
State Prison, were violated by the actions
of the below named individuals. The actions were directed against Plaintiff at Calipatria
State Prison on (dates) 10-10-07, 10-12-07, and 10-20-07.
(institution/place where violation occurred)        (Count 1)        (Count 2)        (Count 3)

§ 1983 SD Form
(Rev. 2/05)

1

2. <u>Defendants:</u> (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant <u>L. Canada</u> resides in <u>Imperial County</u>,
         (name)                                    (County of residence)
and is employed as a <u>Licensed Vocational Nurse</u>. This defendant is sued in
                    (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: <u>L. Canada is employed as a Licensed</u>
<u>Vocational Nurse who told Plaintiff that his</u>
<u>prescriptions had expired on 10-4-2007</u>

Defendant <u>Thomas Kemp</u> resides in <u>Imperial County</u>,
         (name)                                    (County of residence)
and is employed as a <u>Registered Pharmacist</u>. This defendant is sued in
                    (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: <u>Thomas Kemp, Registered Pharmacist, was</u>
<u>contacted by LVN Black and told LVN Black</u>
<u>Plaintiff's prescriptions had "expired."</u>

Defendant <u>A.T.</u> resides in <u>Imperial County</u>,
         (name)                                    (County of residence)
and is employed as a <u>Registered Pharmacist</u>. This defendant is sued in
                    (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: <u>A.T. "Registered Pharmacist, was</u>
<u>contacted multiple times by LVN Black and</u>
<u>repeatedly refused to refill Plaintiff's analgesics.</u>

Defendant <u>Martin Earle Levin</u> resides in <u>Imperial County</u>,
         (name)                                    (County of residence)
and is employed as a <u>Chief Medical Officer</u>. This defendant is sued in
                    (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: <u>Martin Earle Levin, M.O.-C.M.O. is the</u>
<u>supervisor of all Defendants and refused to intervene.</u>
<u>Defendants John Does No.1 and No.2 reside</u>
<u>Imperial County and are employed as</u>
<u>pharmacy technicians. These Defendants are</u>
<u>are sued in their individual and official</u>
<u>capacities. These Defendants denied Plaintiff</u>
<u>medication for severe pain and "lost" Plaintiff's</u>
<u>prescriptions for severe thoracic-cervical pain.</u>

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: _____

(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

On October 9, 2007, this Plaintiff prisoner was told by LVN Black that Calipatria State Prison Pharmacy had refused to refill Plaintiff's severe pain medications. Plaintiff immediately filed a 602 Inmate Appeal and spoke with Dr. David Hjerpe and RN T. Ventrini. Exhibit A1. Plaintiff was assured by RN T. Ventrini that the pharmacy had been contacted and that Registered Pharmacists Thomas Kemp and A.T. had been contacted by her and made aware of the "unlawful denial" of pain medication. See Exhibit A2 for prescription refills written by Doctor B. Covner dated 8-21-2007. Plaintiff was also told by RN T. Ventrini that the unnamed John Doe 1 and John Doe 2, pharmacy technicians, were informed also. So Plaintiff should consider the "denial of severe pain medication resolved." Plaintiff's Exhibit A1, lines 9-10.

When Plaintiff returned to the

Count 2:  The following civil right has been violated: _____
_____

(E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:  [Include all facts you consider important to Count 2.  State what happened clearly and in your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Count 2.]

D Yard medical clinic. Plaintiff was AGAIN
told by LVN Black that RN T. Ventrini,
had "resolved nothing" telephonically—he
was told that the Registered Pharmacists
and Pharmacy Technicians would NOT refill
the medications, because they had
"expired on October 4, 2007." Plaintiff
then intradepartmentally contacted
RN T. Ventrini again with an "Inmate
Request for Interview" form with a 602
Inmate Appeal attached on October 12, 2007.
Plaintiff's Exhibit "A" 1.
       On October 16, 2007, after repeated
denials of Plaintiff's prescribed
medications, Plaintiff received a written
response from RN T. Ventrini. RN T.
Ventrini's written response states:
" T. Ventrini responding to above:— This
issue has been resolved. I spoke to
Pharmacy again on 10/15/07 + was
reassured the RX order would continue
through the end of November. On 10/16/07
LVN Noriega said you were given the
Tramadol in the a.m. T. Ventrini RN."
       In the 7-day time period of
October 9 to October 15, 2007,

Count 3:  The following civil right has been violated:_____

(E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:  [Include all facts you consider important to Count 3.  State what happened clearly and in your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Count 3.]

Plaintiff was told repeatedly by LVN L. Canada that just as in the time period of June 27 to July 3, 2007, Plaintiff's severe pain medications would be "denied" (See attached U.S.D.C. case no. 07 1734 L [CPL] with exhibits and memorandum). LVN Canada said, "There's nothing I can do — it's the pharmacy's fault." Plaintiff then said to LVN Canada, "I am going to hold you all responsible, along with the Pharmacy staff, for civil rights violations; i.e. denying my prescribed medications for severe pain."

On October 12, 2007, Plaintiff gave a copy of the refill order to LVN Black, who, when working, supplied Plaintiff with periodic medication. And on October 15 Plaintiff was notified by an LVN that RN Dagdagan had "fixed" the pharmacy prescription denial problem. Both RN t. Ventrini and RN Dagdagan tried to help Plaintiff nevertheless Plaintiff was repeatedly denied his medications during October 9 until October 15, 2007.

Count 3: _____

On October 20, 2007, at approximately 6:30 a.m., Plaintiff again reported to the D Yard clinic to pick up his severe pain medications Tramadol and amitriptyline. AGAIN Plaintiff was told that his pain medications were NOT complete, that Plaintiff's amitriptyline was unavailable due to LVN Canada and the Pharmacy's "error." Plaintiff immediately filed another 602 Inmate Appeal and hereby files another lawsuit for federal civil rights violations under the Eighth Amendment.

It is the Plaintiff's position that, just as in Exhibit "A" 3, Plaintiff's civil action USDC case No. 071734L (PCL), the six aforementioned Defendants have NO intention of obeying the United States Constitution with respect to Plaintiff's federal civil rights under the Eighth Amendment. By refusing to provide Plaintiff's previously prescribed severe pain medications ordered by Dr. Covner, Defendants Canada, Kemp, A.T., Levin, John Doe no. 1 and John Doe no. 2, willfully, knowingly and maliciously violated Plaintiff's Eighth Amendment rights.

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☒ Yes ☐ No. *Please see Exhibit "A"3 for the most recently filed civil action USDC No. 071734L (PCL)*

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: *Dennis Michael Gieck [U.S.D.C. No. 071734]*
Defendants: *Rita Sigmond, Alberto Lopez, S. Thomas, M. Levin*

(b) Name of the court and docket number: *United States District Court, Southern District of California No. 071734L (PCL)*

(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] *U.S.D.C. Case No. 071734 L (PCL) is still pending*

(d) Issues raised: *Eighth Amendment violations of denial of access to medical care [emergency severe pain evaluation denied by RN Rita Sigmond, et al] as well as denial of access to qualified medical personnel*

(e) Approximate date case was filed: *Early September, 2007.*

(f) Approximate date of disposition: *October 2008, pending trial.*

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought. *the below listed 602 Appeals began in November, 2003:*

*1. No. 00078, Denied;*
*2. No. 00050, Denied;*
*3. No. 00255, Denied;*
*4. No. 00307, Denied;*
*5. No. 00538, Granted;*
*6. No. 0701356, Granted;*
*7. MEDICAL BOARD CASE 10-2004-155123, Granted; "guilty findings."*

D. Previous Lawsuits and Administrative Relief

1. Yes

(a) Dennis Michael Gieck
: Martin Earle Levin , An Minh Nguyen
(b) United States District Court
Court Case No. 05CV 1974H (RBB)
(c) Case is being appealed in the U.S. Court of Appeals No. 07-55476.
(d) Eighth Amendment violations, i.e. Deliberate Indifference to Plaintiff's Serious medical needs
(e) October 18, 2005
(f) October, 2008

D. Previous Lawsuits and
Administrative Relief

1. yes
(a): Dennis Michael Gleck
S.A. Thomas, J.R. Bellinger, Martin Earle, Levin
(b) United States District Court
Case No. 062719 IEG(JMA)
(c) Case No. 062719 IEG(JMA) is still
pending.
(d) 14th Amendment violations under
Sandin V. Conner
(e) November, 2006
(f) April, 2008

9

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

1. An injunction preventing defendant(s): _____

_____

_____

_____

2. Damages in the sum of $ _100,000_ .

3. Punitive damages in the sum of $ _50,000_ .

4. Other: _Any other relief and awards this Court deems proper and just_ .

**F. Demand for Jury Trial**

Plaintiff demands a trial by ☒ Jury ☐ Court.  (Choose one.)

**G. Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

_10-22-2007_
Date

_____ _10-22-2007_
Signature of Plaintiff

## VERIFICATION

~~ORIGINAL~~

STATE OF CALIFORNIA
COUNTY OF IMPERIAL

*New USDC, CASE UNSCREENED AS OF YET.*

I, *Dennis Gieck* (C.C.P. SEC. 446 & 2015.5: 28 U.S.C. 1746) DECLARE UNDER PENALTY OF PERJURY THAT: I AM THE *Plaintiff*
IN THE ABOVE ENTITLED ACTION. I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF
AND THE SAME IS TRUE OF MY OWN KNOWLEDGE EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION,
AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS *22d* DAY OF *October* 2007 AT
CALIPATRIA STATE PRISON, CALIPATRIA CALIFORNIA 92233-5002.

(SIGNATURE)

DECLARANT/PRISONER

## PROOF OF SERVICE BY MAIL

(C.C.P. SEC. 1013 (a) & 2015.5 28 U.S.C. 1746)

I, *Dennis Gieck* AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY OF
IMPERIAL, STATE OF CALIFORNIA, I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / AM NOT A
PARTY OF THE ABOVE ENTITLED ACTION. MY STATE PRISON ADDRESS IS P.O. BOX 5002, CALIPATRIA STATE PRISON,
CALIPATRIA, CALIFORNIA 92233-5002.
ON *Oct. 22* 2007 IS SERVED THE FOREGOING *w/ Exhibits 1-5*

**3** *Copies to the Court of the unscreened*
SET FORTH EXACT TITLE OF DOCUMENTS SERVED *civil action entitled Gieck v Conada*
ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY(S) THEREOF, ENCLOSED IN A SEALED ENVELOPE(S) WITH
POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT
CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA 92233-5002.

[*Another Reprisal Related Lawsuit*]
*w/ EXHIBITS 1-5 ("A"-"A"5)*

*Gieck V. Conada, et al.*
*(Thank you)*

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR
COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE
UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE *October 22*, 2007

(DECLARANT / PRISONER)

*thank you.*

# ORIGINAL

# PLAINTIFF'S EXHIBITS

"A" 1 RN'S RESPONSE

"A" 2 90-DAY MED ORDER

"A" 3 MOST RECENT LAWSUIT

"A" 4 MEDICAL BOARD FINDING

"A" 5 EXHAUSTED APPEALS

# EXHIBITS

"A" 1 – "A" 5



EXHIBIT "A" 1 (SIDE 1)

STATE OF CALIFORNIA
GA-22 (9/92)

## INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIO

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|------|-----|-----|-----|
| 10-12-2007 | RN T. Ventrini | Oieck | K766t |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | | JOB NUMBER | |
|------|-----|-----|-----|-----|-----|
| D1 | 112 | Unassigned | | FROM | TO |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS | |
|------|-----|-----|
| | FROM | TO |

**Clearly state your reason for requesting this interview.**
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

Please be advised that on 10-9-2007
I was told the PHARMACY refused to refill
my prescription for Tramadol 100mg. QID and
amitreptyline 75mg, BID because the order

INTERVIEWED BY _____ Do NOT write below this line. If more spaces is required, write on back

DISPOSITION  T. Ventrini responding to above:—

This issue has been resolved. I spoke to pharmacy again on
10/05/07 + was reassured the Order would continue through
the end of November. On 10/11/07 LVN Noriega said you were given
the Tramadol in the a.m.    T. Ventri RN

DATE 10-16-07

had expired. I asked LVN Black "which pharmacist told" him the prescriptions had expired. He didn't recall the name.

On 10-12-2007 again I was told by LVN Black the pharmacy did NOT, and would NOT refill the prescription. (Again I couldn't get a name.)

When we spoke with Dr. Hjerpe on 10-9-2007 I remember that you called the pharmacy for verification on the meds. (Please confirm the above; thank you, Gieck)

EXH. "A"
(SIDE 2)



EXHIBIT "A" 2

see arrows at lines 2 and 1, please

**NOTE: SEND COPY OF PHYSICIAN'S ORDER FOR MEDICATION TO PHARMACY AFTER EACH ORDER IS SIGNED.**

| Order Date | Time | Problem # | Physician's Order and Medication (Orders must be dated, timed, and signed.) |
|---|---|---|---|
| → 8/n/07 | 9¹² | | ① Please obtain Nasal swab for cx Hx C __ weekly X3 |
| copy to yard LVN request #5 | | | ② Medication re-order + change. change: Tenorm ↑ to 50 mg po qhs X 30 dy refill X2 |
| copy to pharmacy u FMR __ | | | → Amitryptyline 25 mg po BID X __ |
| TX Nsg noted 8/2/07 12 __ | | | → Tramadol 50 mg __ tab po QID X30 dy rfl X2 |
| | | | Benzoyl Peroxide gel 10% __ gm apply at bedtime X30 dy rfl __ |
| | | | Bactroban Cream 2% nasal swab BID X30 dy rfl X __ |
| | | | Hibiclens Cleanser use QID X30 dy refill __ |
| | | | new Bactrim DS BID X 14 days |
| | | | Chlorhexidine s/oln po BID apply TID to wounds |
| 2/13 to OMR | | | ③ Request for Epidural inj for late 9/07 - early 10/07 |
| schd HCC 10/17 | | | ④ FU in 2 wks |
| | | | Thank you __ |
| slip sent × __ | | | ⑤ labs: after week of 9/24/07 CBC, liver panel, |

| ALLERGIES: | | INSTITUTION  Cal | ROOM / WING   D1-112 |

Confidential client information
See W & I Code, Sections 4514 and 5328

Calipatria State Prison
SEP 18 2007

Health Records Inmate Copy

CDC NUMBER, NAME (LAST, FIRST, MI)

Gieck, D
R 76640

see above
2 ARROWS
"X 30 DAYS"
with "refills X 2"; 90-DAY TOTAL

**PHYSICIAN'S ORDERS**

CDC 7221 (4/90)
STATE OF CALIFORNIA          OSP 07 101929          DEPARTMENT OF CORRECTIONS



"A" 3



EXHIBIT "A" 3
USDC CASE NO.
071734 L (CPCL)
WITH RELATED
APPEAL
NO.
602CAL D071356
ISSUES:
RE: DENIAL OF MEDICATION
DENIAL OF EVALUATION
DENIAL OF QUALIFIED PERSONNEL
FILED SEPTEMBER
27, 2007

Dennis Michael Gieck
K76640
7018 Blair Road
Calipatria, CA 92233

## United States District Court
## Southern District of California

| | |
|---|---|
| Dennis Michael Gieck,<br>Plaintiff,<br>V.<br>Rita Sigmond, R.N.;<br>Alberto Lopez, N.P.;<br>Seleaina Ann Thomas, N.P.;<br>Martin Earle Levin, M.D.,<br>Defendants | Civil No. 07-1734L(PCL)<br>SEPARATE<br>MEMORANDUM<br>OF POINTS AND<br>AUTHORITIES<br>SUBMITTED BY<br>PLAINTIFF<br>DATE:<br>TIME: |

## INTRODUCTION

Plaintiff Dennis Michael Gieck, a state prisoner currently incarcerated at Calipatria State Prison, respectfully requests that this Court allow Plaintiff to submit this separate memorandum of points and authorities. Plaintiff, proceeding

PRO SE and IN FORMA PAUPERIS, would like to submit this ARGUMENT to strengthen his Complaint with case law.

## ARGUMENT

From June 27, 2007, to July 3, 2007, this Plaintiff was denied access to medical attention and denied access to medical personnel qualified to prescribe medication. <u>Estell v. Gamble</u> 429 U.S. at 104. Plaintiff submitted 5 medical appointment slips to be seen for severe pain. And the California Code of Regulations Title 15, Section (CCR) 3354 states "Only qualified medical

2

personnel [any state—employed medical doctor or nurse practitioner] shall be permitted to diagnose illness and prescribe medication."

As Defendants denied Plaintiff's access to medical attention by failing to evaluate Plaintiff's severe pain, so also Plaintiff was denied access to a nurse practitioner or medical doctor licensed to prescribe medication. RN Sigmond lacked the medical qualifications to prescribe medication—but she could have evaluated Plaintiff and referred

3

Plaintiff to NP Lopez, NP Thomas or Defendant Levin. Williams V. Edwards, 547 F.2d 1206,1216-18 (5th Cir 1977). She did NOT. Estelle V. Gamble 429 U.S. 97 S.CT. 104-105. RN Sigmond did not respond reasonably. Farmer V. Brennan, 511 U.S. 825, 844 (1994).

NP Lopez was seated in the D Yard clinic, reviewing the daily CDC 7362 medical appointment slips. When he saw Plaintiff he got up and left the room immediately-refusing Plaintiff an evaluation and medication. HC by Hewett V. Jarrard 786 F.2d 1080,

4

1083, 1087 (11th Cir. 1986). [The date was June 2e

SEVEN DAYS Plaintiff sought
help. Seven days Defendants Sigmond
Lopez, Thomas, and Levin, in person
and by telephone, never made
an informed "medical judgment"
Tillery V. Owens, 719 F. Supp. 1306,
1308. For the seven-day
denial of medical care, for the
seven-day denial of access to
medical personnel qualified to
exercise medical judgment
and prescribe medication,
Plaintiff asks this Court to
hold the above-named Defendants
ACCOUNTABLE for their actions.
By denying Plaintiff access to

medical care and qualified medical personnel, Defendants Sigmond, Lopez, Thomas and Levin were **deliberately indifferent** to Plaintiff's serious medical needs (i.e. Plaintiff's severe cervical pain and secondary insomnia). Esteller. Gamble, 429 U.S. at 104-105.

Plaintiff very respectfully requests the United States District Court's permission to file a separate memorandum. Thank you.

6

*[handwritten:] FOR SEPARATE MEMORANDUM VERIFICATION*

## VERIFICATION

*[handwritten circle:] PROOF OF SERVICE*

STATE OF CALIFORNIA
COUNTY OF IMPERIAL

*[handwritten:] 07-1734 L (PCL)*

I, *[handwritten:] Dennis Grieck* (C.C.P. SEC. 446 & 2015.5: 28 U.S.C. 1746) DECLARE UNDER PENALTY OF PERJURY THAT: I AM THE *[handwritten:] Plaintiff* IN THE ABOVE ENTITLED ACTION. I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS *[handwritten:] 29th* DAY OF *[handwritten:] September* 2007 AT CALIPATRIA STATE PRISON, CALIPATRIA CALIFORNIA 92233-5002

(SIGNATURE) _____
DECLARANT/PRISONER

---

## PROOF OF SERVICE BY MAIL
(C.C.P. SEC. 1013 (a) & 2015.5 28 U.S.C. 1746)

I, *[handwritten:] Dennis Grieck* AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY OF IMPERIAL, STATE OF CALIFORNIA, I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / AM NOT A PARTY OF THE ABOVE ENTITLED ACTION. MY STATE PRISON ADDRESS IS P.O. BOX 5002, CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA 92233-5002.

ON *[handwritten:] 9-29-2007* 2007 IS SERVED THE FOREGOING

*[handwritten:] 07-1734 L (PCL)*
*[handwritten:] SEPARATE MEMORANDUM SUBMITTED BY PLAINTIFF*
SET FORTH EXACT TITLE OF DOCUMENTS SERVED *[handwritten:] IN CASE NO. 07-1734 L (PCL)*

ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY(S) THEREOF, ENCLOSED IN A SEALED ENVELOPE(S) WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA  92233-5002.

*[handwritten:] Thank you.*

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE *[handwritten:] 9-29*_____, 2007 _____
(DECLARANT / PRISONER)

Dennis Michael Gieck
(name)

7018 Blair Road
(Address)

Calipatria, CA 92233
(City, State, Zip)

K76640
(CDC Inmate No.)

# United States District Court
## Southern District of California

Dennis Michael Gieck,
(Enter full name of plaintiff in this action.)

)
)
)
)
        Plaintiff,    )
)
v.    )
)

Civil Case No._____
(To be supplied by Court Clerk)

Rita Sigmond, RN ;
Alberto Lopez, NP ;
Seleaina Ann Thomas NP;
Martin Earle Levin, MD,
(Enter full name of each defendant in this action.)

)
)
)
)
)
)
    Defendant(s).    )
)

**FIRST AMENDED**
Complaint under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

## B. Parties

1. Plaintiff: This complaint alleges that the civil rights of Plaintiff, Dennis Michael
(print Plaintiff's name)
Gieck_____, who presently resides at 7018 Blair Road
(mailing address or place of confinement)
Calipatria, CA 92233_____, were violated by the actions
of the below named individuals. The actions were directed against Plaintiff at Calipatria
State Prison_____ on (dates) 6-28-07, 6-29-07, and 7-2-07.
(institution/place where violation occurred)    (Count 1)    (Count 2)    (Count 3)

§ 1983 SD Form
(Rev. 4/06)

(1)

<u>Defendants</u>: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant Rita Sigmond resides in Imperial,
(name)                                    (County of residence)
and is employed as a Registered Nurse. This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: Ms. Sigmond, RN, is the Registered
Nurse who signed Plaintiff's CDC 7362 forms and
denied Plaintiff an evaluation for severe pain.

Defendant Alberto Lopez resides in Imperial,
(name)                                    (County of residence)
and is employed as a Nurse Practitioner. This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: Mr. Lopez, NP, is the Nurse Practitioner
who also denied Plaintiff a severe pain evaluation;
furthermore, NP Lopez denied Plaintiff medication.

Defendant Seleaina Ann Thomas resides in Imperial,
(name)                                    (County of residence)
and is employed as a Nurse Practitioner. This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: NP S.A. Thomas was Plaintiff's
primary care provider during the month of
June and telephonically refused to see Plaintiff.

Defendant Martin Earle Levin resides in Imperial,
(name)                                    (County of residence)
and is employed as a Chief Medical Officer. This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: Mr. Martin Earle Levin, medical
doctor and Chief Medical Officer, is the
Supervisor of the above Defendants - yet he
refused to intervene on Plaintiff's behalf.

**Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting it if necessary.)

unt 1: The following civil right has been violated: _Denial of access to medical attention and qualified personnel_

(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

On June 27, 2007, Plaintiff reported to the prison clinic to pick up his daily severe pain medication Tramadol and was told by LVN Canada that Dr. Covner had lowered Plaintiff's Tramadol dosage. Plaintiff said, "There must be some mistake; Dr. Covner would NOT knowingly lower my Tramadol because he knows that the 100 mg. dosage four times a day is the minimum I need." LVN Canada then replied, "No, really Mr. Gieck, he cut the dosage in half." Plaintiff then stated, "Can you call Dr. Covner to verify this mistake?" LVN Canada then stated, "I'll bring it up to RN Sigmond this morning, OK?" Plaintiff's Exhibits "AG" 42, 44, 66, 297-248. ["I mistakenly lowered..Pt.'s Tramadol" (See "AG" 42)]

On June 28, 2007, Plaintiff again asked Ms. Canada, LVN: "Did RN Sigmond call Dr. Covner; can you or RN Sigmond either call Dr. Covner or evaluate me for severe pain because this ISN'T enough medication?" Then



Count 1 (Continued)
Count 1: The following civil right has been violated: **Right to access to medical care and qualified personnel** (E.g. right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Count 3.]

Plaintiff said, "I respectfully request an evaluation for severe pain, please either make the call or evaluate me." LVN Canada then said, "The yard RN Ms. Sigmond is the one responsible for severe pain emergency situations." Plaintiff then stated, "I know she [Ms. Sigmond] is the RN who does the emergent evaluations; I wish to speak with RN Sigmond 'ASAP' or NP Lopez or NP Thomas." Pl.'s Exhs "B" 5 9 5, "AG" 33,34,35,43,44,66.
    Plaintiff arrived the next morning to the clinic and said, "Has anyone called Dr. Couner yet or is an emergent evaluation scheduled for today? I'm losing a lot of sleep due to intense cervical pain." Pl.'s Exhs. "AG" 33-35; 43-44; 66, "B" 5 2-5. Then Defendant Sigmond said to LVN Canada, "He's just going to have to wait until the **doctor** comes back on Tuesday next week; there's nothing we can do until then." Plaintiff replied to RN Sigmond

(4.)

§ 1983 SD Form

Count 2. The right to access to emergency medical care and a severe pain evaluation.

**Supporting FACTS** (state briefly without citing cases or law): and LVN Canada, "please just evaluate me for severe pain, and give me a different medication until the doctor returns. you already know I have multiple diagnoses for severe cervical pain" from severe spine disease and radiculopathy." Pl.'s Exhs. "AG" 66, 168-69, 189. RN Sigmond then just walked away and entered the second room on the right which is the RN evaluation room. On June 29, 2007, RN Rita Sigmond denied Plaintiff a face-to-face interview for Plaintiff's listed symptoms of severe cervical pain and pain-induced insomnia. Pl.'s "B" 5, 195; Pl.'s "AG" 33-35, 43, 44. LVN Canada said, "You see, there's nothing I can do; it's her [RN Sigmond]'s responsibility to evaluate you." Plaintiff then stated "I request an emergency evaluation under Plata v. Schwartzenegger for severe cervical pain and right extremity neuropathic pain, please."

⑤

Count 2 (continued)

"AG" 66 ["Disabling Pain"]; "AG" 7168-169 [Pain]. Pl.'s Exhibits

Plaintiff reported every day from June 27, 2007, to July 3, 2007, asking D Yard Medical Clinic staff, to please call Dr. Coulner and/or evaluate Plaintiff for intense cervical pain. Plaintiff asked to see NP A. Lopez, NP Thomas, the POC physician on call, Dr. Ball, or even Defendant Levin, M.D. and Chief Medical Officer. As to the above-named medical personnel, Canada said, "Everyone I've called says 'He is just going to have to wait until next Tuesday, July 3.'" Plaintiff Gieck then said, "OK, I've done my best; I will be taking this matter up in court. You know it's wrong, you know you are intentionally violating my federal civil rights under the Eighth Amendment as to denial of access to medical care [i.e. a severe pain medical evaluation] and denial of access to medical personnel licensed

and/or facts supporting each ground.

Count 2 (continued) to proscribe medication. Pl.'s Exh.
"(a)" B"5" ¶ 2-5; Pl.'s Exhs. "AG" 33-35, 43-44.
LVN Canada then said, "I know you
are involved in a major court battle
right now but I am not the one who
is denying medication. RN sigmond
is responsible to evaluate you and
everyone else I've talked to on the
phone says he is just going to have
to wait." Pl.'s Exhs. "B5" ¶ 2-5; "AG" 33-43.
        Plaintiff continued to report to
the clinic on a daily basis. Plaintiff
continued to be denied access to
medical care [an evaluation] and
access to a licensed medical provider.
Plaintiff was denied medical care
and an appointment with "NP Lopez,
NP Thomas, Dr. Levin" and other
unnamed physicians LVN Canada called
in an effort to help Plaintiff obtain
a medical emergency evaluation and
an appointment with the above
named Defendants. All three above
named Defendants - Lopez, Thomas and

⑦

Count 2 (continued)

Levin—refused a medical appointment with Plaintiff, thereby denying Plaintiff access to medical care, emergency medical care, as well as denying Plaintiff access to qualified licensed providers. Pl.'s Exhs. "AG" 33-35; 43-44.

In denying Plaintiff access to medical care and licensed personnel capable of prescribing medications for severe cervical pain and insomnia due to pain, Defendants Sigmond, Lopez, Thomas, and Levin violated Plaintiff's federal civil rights under the Eighth Amendment for 7 days. Pl.'s Exhs. "AG" 33-44.

Plaintiff filed two Inmate Appeal 602 forms, which were immediately granted when Dr. Cavner returned to the institution on July 3, 2007. Upon Dr. Cavner's return, Dr. Cavner told Plaintiff, "You mean to tell me that because of my mistake no one would evaluate you for an entire week?" You suffered cervical pain from June 26 until now [July 3] with no one responding?



Count 2 (continued)

Plaintiff then replied to Dr. Couner, "That's correct." Dr. Couner then said "Why didn't anyone notify me?" Plaintiff replied, "That's a question you need to ask RN Sigmond, as well as the yard Nurse Practitioner, Lopez. I reported every day asking them to call you—but they refused. I have also asked for an alternative solution until you returned; i.e. a medical evaluation for severe cervical pain, with pain—induced insomnia" RN Sigmond and NP Lopez refused to evaluate me from June 27 until July 3, 2007 from the D Yard Clinic. Defendants NP Thomas and Dr. Levin refused to get involved telephonically, according to LVN Canada, stating, "It is his yard RN's responsibility to notify Nurse Practitioner Lopez." Pl.'s Exhs. "B" 5 ¶ 2-5; "B" 2 ¶7-9.

Plaintiff enumerates a day-by-day assessment for the United States District Court regarding Plaintiff's access to (1) medical attention and (2) qualified personnel:

1. June 27, Denied;
2. June 28, Denied;
3. June 29, Denied;
4. June 30, Denied;
5. July 1, Denied;
6. July 2, Denied;
7. July 3, Denied until 9:30 a.m.

(9.)

ount 2 (continued)

In acting in the above-described manner, and in light of Plaintiff's previous Complaints against Calipatria medical staff for similar Eighth Amendment violations, Plaintiff respectfully requests exemplary damages against Defendants RN Rita Sigmond, NP A. Lopez, NP Thomas, and Dr. M.E. Levin, CMO.

int 3: The following civil right has been violated: Denial of access to medical care and qualified personnel

(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Count 3.]

The day before Doctor Covner returned to the institution, OHU [outpatient housing unit], Plaintiff once again insisted that D Yard clinic staff "do something" to alleviate his intense thoracic-cervical pain. At this point, Plaintiff had lost so much sleep that he was actually almost begging for medical emergency treatment. As on June 29, 2007, LVNs Canada and Black brought the emergency severe pain and secondary insomnia "emergency evaluation" up to RN Sigmond, who once again ignored the request. Pl.'s Exh. "AG" 44. As "AG" 44 shows, RN Sigmond coldly and callously refused to evaluate Plaintiff's severe pain and secondary sleeplessness on June 29, 2007. Plaintiff's Exhibits "AG" 33-35 and 42-44 are incontrovertible evidence that Plaintiff was refused medical care and refused an emergency evaluation by the Defendants. And on July 3, 2007, Dr. Covner wrote: "I mistakenly lowered the dose of the patient's Tramadol" ("AG" 42). Given that statement, the Defendants

37

int**3**: The following civil right has been violated: _Denial of access to_
(Continued) _medical care_ (E.g., right to medical care, access to courts,

process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

**Supporting Facts:** [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

have nowhere to hide. Nor is there any viable defense.
For the above-described 7-day denial of medical care and qualified personnel, Plaintiff respectfully requests compensatory and punitive damages. Defendants Sigmond, Lopez, Thomas and Levin willfully, knowingly, maliciously and wickedly violated Plaintiff's federal civil rights under the Eighth Amendment. Thank you.

). **Previous ~~Law~~ suits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☒ Yes ☐ No

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: _Dennis Michael Gieck_

Defendants: _Martin Earle Levin, An Minh Nguyen, S.A. Thomas, et al._

(b) Name of the court and docket number: _United States District Court Southern District of California 051974 H(RBB); 062719 IEG_

(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] _051974 H (RBB) is under appeal; 062719 IEG(JMA) pending._

(d) Issues raised: _Deliberate indifference to Plaintiff's serious medical needs, 8th Amendment violations. Due process 14th Amendment violations under Sandin V. Conner._

(e) Approximate date case was filed: _October, 2005; December 2006_

(f) Approximate date of disposition: _1-2 years' time (August 2008)_

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought. _The below 602 Appeals were filed:_
_1. 602#00078;_
_2. 602#00050;_
_3. 602#00255;_
_4. 602#00307;_
_5.*602#0538 (This appeal was granted on 6-17-06)_
_All above appeals were "denied" at Director's Level and have been administratively exhausted. (The *only exception is (5) 602#0538.)_

**E. Request. Relief**

Plaintiff requests that this Court grant the following relief:

1. An injunction preventing defendant(s): _____

_____

_____

_____

2. Damages in the sum of $ _100,000_

3. Punitive damages in the sum of $ _50,000_

4. Other: _Any other compensation this Court feels is warranted._

**F. Demand for Jury Trial**

Plaintiff demands a trial by ☒ Jury  ☐ Court.  (Choose one.)

**G. Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

_10-16-2007_
Date  _SAME_
_DOCUMENT_
_(ADDITIONAL COPIES)_

Signature of Plaintiff





EXHIBIT

"A" 4

*GROSS NEGLIGENCE AND/OR INCOMPETENCE*

STATE OF CALIFORNIA-STATE AND CONSUMER SERVICES AGENCY                    ARNOLD SCHWARZENEGGER, Governor



Consumer
Affairs

## MEDICAL BOARD OF CALIFORNIA
### ENFORCEMENT PROGRAM
4995 MURPHY CANYON RD., SUITE 203
SAN DIEGO, CA 92123-4364
(858) 467-6830
### PERSONAL & CONFIDENTIAL

*EXHIBIT*
*"A" 4*

October 19, 2004


Department of Corrections
Calipatria State Prison
POB 5001, 7018 Blair Road
Calipatria, CA 92233
ATTN: DENNY GIECK (CDC# K76640) D5-112L

→ MEDICAL BOARD CASE: 10-2004-155123

→ Dear Mr. Gieck:

This letter is to inform you that the Medical Board has completed its review of your complaint against Dr. A. Minh Nguyen, at Calipatria State Prison.

→ Please be advised that following a thorough investigation of your complaint, the case has been referred to the State Attorney General's Office Health Quality Enforcement Unit for administrative review and action. Any further contacts should be made to their office located at 110 West "A" Street, Suite 1100, San Diego, California 92101.

Additionally, I am in receipt of your recent correspondence and appreciate being informed that the medical care you are receiving at Calipatria State Prison has improved.

Thank you for your cooperation and for bringing this matter to our attention.

Sincerely,

*Pat Stillwell*

Patricia Stillwell, Senior Investigator
Enforcement Unit
Medical Board of California

\* A. "Action" against Dr. Nguyen's medical license
\* B. On October 19, 2004 the above case was referred to the Attorney General.
\* C. On October 19, 2004, Senior Investigator Ms. Patricia Stillwell found CDCR Doctor A.M. Nguyen guilty of MPA law violations Exhibit "D" Page 4

cc: Master File

\* ARGUMENT POINTS A, B AND C.



EXHIBIT

"A" 5

GRANTED

RECEIVED CAL APPEALS JUL 19 2007

Dr. Levin et al (Refusal to verify) 602

TREAT AS ORIGINAL 602 SEP 13 2007

Page 1 of 2

NPThomas, Levin, P. Lopez

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

NPThomas

Location: Institution/Parole Region: CAL

Log No. D0701356

Category 8

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: Gieck    NUMBER: TDI-1124    ASSIGNMENT: Unassigned    UNIT/ROOM NUMBER: DC112L

A. Describe Problem: On Wednesday, 6-27-2007, this writer-appellant's severe pain medication TRAMADOL was reduced from 100 mg. QID to 50 mg. QID according LVN Canada. I spoke to LVN Canada, 4 separate times, asking her to call Doctor Couner and/or the JPOC (Physician On Call) to VERIFY that Dr. Couner did NOT change the

If you need more space, attach one additional sheet.

B. Action Requested: Please provide a log number so this appellant can exhaust administrative remedies and take legal action for an injunction and damages in the United States District Court Limited

Inmate/Parolee Signature: _____    Date Submitted: 6-29-07

C. INFORMAL LEVEL (Date Received: 7/3/07)

Staff Response: Granted. D. Tramadol was increased back to original 100 mg QID by Dr. Couner

Staff Signature: ___ Orbater RN    Date Returned to Inmate: 7/3/07

D. FORMAL LEVEL

7 Dr. Couner reduced meds; RNs refused to contact MD

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

LVN Canada to call RN Sigmond about the Appellant's intense cervical pain with radiculopathy, but RN Rita Sigmond refused to reevaluate Appellant. RN Sigmond knows this Patient-Appellant has multiple severe cervical pain Dxs. The needed re-

Signature: _____    Date Submitted: 7-14-2007

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

evaluation was callously disregarded. Appellant

RECEIVED
JUL 03 2007
CAL
CAL Health Services

CDC Appeal Number: D0701356

TREAT AS ORIGINAL 602 SEP 1 3 2007

Granted

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: JUL 20 2007   Due Date: 8/30/07

Interviewed by: G. Dagdagan, R.N on 9/26/07 @ 1100 Hrs.
Appellant was seen by Dr. Cruner in the High
Risk Clinic on 8/21/07 and his Tramadol medication
was reordered for 100mg from 50mg. The appellant
stated that was his concern & that the problem was
taken care of. He had no other issues regarding the
602.

| | | | |
|---|---|---|---|
| Staff Signature: M. E. Baniaga | Title: AGPA | Date Completed: 9/26/07 | |
| Division Head Approved: T. Chilcott SRN II | Title: SRN II | Returned Date to Inmate: SEP 26 2007 | |

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

This Appeal — CKL-DO-701356 — has been fully
granted. Brady V. Attyanla 196 F. Supp. 2d
1016 (9th Cir.) 2002. Gomez V. Winslow 177 F.2d
977, 984-985. After investigation Appellant has
determined the Defendants.

Signature: ___   Date Submitted: 9-30-200

Second Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____   Due Date: _____
☐ See Attached Letter

Signature: _____   Date Completed: _____

Warden/Superintendent Signature: _____   Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____   Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DIRECTOR'S ACTION:   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____
☐ See Attached Letter
Date: _____

CDC 602 (12/87)

TREAT AS ORIGINAL 602 SEP 13 2007

CAL

D0701356

Page 2 of 2

RECEIVED CAL APPEALS JUL 19 2007

dosage of said pain medications:

1. Tramadol 100mg. QID;

2. Amitriptyline 75mg. QID.

As of 6-27-2007 this Appellant will hold the following medical staff responsible for deliberate indifference to Appellant's serious medical needs:

1. ~~Dr. Covner~~ ; RN Sigmond;

2. ~~LVN Canada~~ ; Alberto Lopez, NP

3. ~~Dr. Katrina Batl~~;

4. ~~Dr. Martin Earle Levin~~;

5. ~~RN Black~~; NP Thomas

Delete:
- Dr. Covner
- LVN Canada
- LVN Black
- Dr. K. Batl

Defendants are:
1. RN Sigmond
2. NP Thomas
3. NP Lopez

I tried desperately →

TREAT AS ORIGINAL 602 SEP 13 2007

to ask LVN Canada to call Dr. Covner to no avail. I wrote Dr. Ball, asking her to please verify that my dosages of Tramadol and Amitriptyline NEVER changed. No one called Dr. Covner; no one tried to contact Dr. Covner.

This REFUSAL to call, fax or notify Dr. Covner — while this Appellant is suffering in great cervical pain — amounts to deliberate indifference and cruelty under Estelle v. Gamble, Plata v. Schwarzenegger

TREAT AS ORIGINAL 602 SEP 1 3 2007

RECEIVED CAL APPEALS JUL 1 9 2007            CAL        D 0 7 0 1 3 5 6

7-14-2007

Dear Appeals Coordinator:

Please process the Appeals so I can Exhaust my administrative remedies. All I really need are multiple log numbers (documentation).

Please be advised that these Appeals are about the same issue:

1. Denial of access to medical care (s. pain meds);

2. Denial of access to medical personnel (M.O. or N.P.) who could have easily alleviate Appellents intense cervical pain;

3. Denial of a medical reevaluation that would have surely corrected the problem, i.e., multiple symptoms of severe pain and neuropathic pain from

(Please confirm.)

TREAT AS ORIGINAL   SEP 1 8 2007
RECEIVED LEGAL APPEALS JUL 19 2007
ATTACHMENT TO: DE 701356
GRANTED

STATE OF CALIFORNIA

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Appellees *Esther* and *Thomas* error delete
*Reduced* on 6/7/07

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

Location: Institution/Parole Region _____ Log No. ___ Category _____ 1 of 3

RE: REDUCTION OF MEDICATION

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| GIECK | K-76640 | Unassigned | DL-112L |

A. Describe Problem: Today as this appellant went to the YARD clinic window I was told that Dr. Colmerhad lowered his Tramadol medication from 100mg. QID to 50mg. QID. This appellant was told I have "ADVANCED MID CERVICAL DISC DEGENERATION" AND SPONDYLOSIS at C5-6 C6-7, and C7 to T1. The amount I am currently taking of pain medication that is the least I need (attache see attached)

If you need more space, attach one additional sheet.

B. Action Requested: Please provide a log number so I can document this ongoing years-long, and incompeten medical indifference and seek help in the courts. thanks I must ___ (thankyou)

Inmate/Parolee Signature: _____ Date Submitted: 6-28-20__

C. INFORMAL LEVEL (Date Received: 7/3/07) Granted Tramadol dose was increased back to original 100 mg QID by Dr. Conner.

Staff Response:

Staff Signature: T. Venhenni RN   Date Returned to Inmate: 7/3/07

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

PLEASE PROVIDE LOG NUMBER: Multiple CDC 73_ reverled name every day to the clinic window ask the correct dosage (100mg. QID). Under PLAT rheneager I asked to please be reevalua Dx spine pain. LVN Cahada told (RN si refused to reevaluate Appellant

Date Submitted: 7-14-

CDC Appeal Number: _____

Signature: _____

must be accompanied by a completed ___ ate Claim

**RECEIVED**
JUL 0 3 2007
CAL-Health Services

neither saw an Nurse

Granted

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: JUL 20 2007    Due Date: 8/30/07

Interviewed by: G. Dagdagan, RN on 9/26/07 @ 1100 Hrs.
Appellant was seen by DR. Conner in the High
Risk Clinic on 8/2/07 and his Tramadol medication
was reordered for 100mg from 50mg. The appellant
stated that was his concern & that the problem was
taken care of. He had no other issues regarding the
602. M. E. Bunaen

Staff Signature: M. E. Bunaen    Title: AGPA    Date Completed: 9/26/07
Division Head Approved: J. Chilcott SRN II    Title: SRN II    Returned
Signature:    Date to Inmate: SEP 28 2007

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

This Appeal - CKL-DO-701356 - has been fully
granted. Brady V. Attygala 196F. Supp. 2d
1016 (9th Cir.) 2002. "Gomez V. Winslow 177 F.2d
977, 984-985. After investigation Appellant has
determined the Defendants.

Signature:    Date Submitted: 9-30-2007

Second Level ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____ Date Completed: _____
Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____
☐ See Attached Letter
Date: _____

CDC 602 (12/87)

Describe Problem (continued below)

Additionally on June 28, 2007, LVN Canada spoke to Nurse Practitioner Seleaina Ann (Thomas,) explaining that Dr. Covner had greatly lowered Appellant's medication:

1. Tramadol 100mg. QID to 50 mg. QID

Nurse Practitioner (Thomas) refused to correct the 100 mg. dosage that the pain specialist recommended; whose order was filled many

3 of 3

TREAT AS ORIGINAL 602 SEP 13 2007

RECEIVED CARE APPEALS JUL 19 2007

ATTACHMENT TO: D 0 7 0 1 3 5 6

times by Appellee/Defendant
Thomas.          ← Delete (accidental)
Doctor Covner and
NP Thomas categorically
refused to correct their
pharmaceutical errors, which
will be addressed in a higher
forum.

     Please provide a log number
as soon as possible. Sadly I
must bring more litigation to address
this REPRISAL. Respectfully submitted,

Date: 6-28-2007        Dennis Michael Gieck
                       K76640
                       D1-112 ✓

Delete
r. Covner         error
from      Dr. Covner denied
list of   Appellant's therapeutic
fendant   diet chrono and
          NP Thomas denied
          LT/L-B support

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: AUG 0 9 2007

In re:   Gieck, K-76640
Calipatria State Prison
P.O. Box 5002
Calipatria, CA 92233

IAB Case No.: 0614633          Local Log No.: CAL 07-00307

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner P. D. Vera, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT: It is the appellant's position that his cervical spine is severely diseased and his nerve roots are severely diseased also. He claims that he is in severe pain with multiple diagnoses. He has been issued a cervical brace and a soft cervical collar. He requests to be assigned to a lower tier and lower bunk because his spine condition is exacerbated by climbing and movement.

II   SECOND LEVEL'S DECISION: The reviewer found that the appellant stated that he previously had a lower bunk and lower tier chrono in 2003. However, in December 2006, S. Thomas, Family Nurse Practitioner, advised the appellant that he did not meet the criteria to renew the lower bunk, lower tier chrono. The medical department at Calipatria State Prison (CAL) takes into consideration all known medical conditions and needs of each inmate. A further review was also made in February 2007, where a determination was made that the appellant does have a medical condition, but that condition does not support his request for a lower bunk, lower tier chrono. Based upon the above information, the appellant's appeal is denied at the Second Level of Review.

III   DIRECTOR'S LEVEL DECISION: Appeal is denied.

A.   FINDINGS: The appellant has been evaluated by licensed professional medical staff familiar with his medical issues who have determined that he does not meet the criteria for a lower bunk, lower tier chrono. Pursuant to California Code of Regulations, Title 15, Section (CCR) 3354 (a), only facility-employed health care staff, contractors paid to perform health services for the facility, or persons employed as health care consultants shall be permitted, within the scope of their licensure, to diagnose illness or, prescribe medication and health care treatment for inmates. No other personnel or inmates may do so. Therefore there is no need for the Director's Level of Review to intervene at this time.

The appellant has added new issues and requests to his appeal. The additional requested action is not addressed herein as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action (CDC Form 602, Inmate/Parolee Appeal Form, Sections A and B).

B.   BASIS FOR THE DECISION:
Armstrong v. Davis Court Ordered Remedial Plan: ARP
CCR: 3001, 3350, 3350.1, 3354

*[Handwritten notes:]*

1. cervical brace &
soft cervical collar
2. ADA Mobility problem
3. cervical/extremity disease (S. DDD)
4. Evaluation Denial 7-1-2007 - 7-3-2007 (separated)

Please see Pl's Exh. 42
LTLB "07-00307" Denied
TRAMADOL 100mg → Granted
7-3-2007
(Pl's Exh. "AG" 42)

GIECK, K-76640
CASE NO. 0614633
PAGE 2


**C. ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.


N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, CAL
        Health Care Manager, CAL
        Appeals Coordinator, CAL
        Medical Appeals Analyst, CAL

*C -*

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: MAY 0 3 2007

In re:　Gieck, K-76640
　　　Calipatria State Prison
　　　P.O. Box 5002
　　　Calipatria, CA 92233

IAB Case No.: 0608814　　　　Local Log No.: CAL 06-00255

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner P. D. Vera, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I　APPELLANT'S ARGUMENT: It is the appellant's position that on January 25, 2006, Medical Technical Assistant (MTA) Stangle denied him treatment when he went to the Facility "D" medical clinic complaining of an infection and spine pain. He claims that MTA Stangle told him that the infection and his severe spine pain were not an emergency. He alleges that MTA Stangle did not call to get Bacterium and pain medication which is medical indifference. He requests a log number for this appeal and also requests for a Bacterium prescription. He further requests for MTA Strangle's name be added to 05CR1974H (RBB) data, by the litigation department.

II　SECOND LEVEL'S DECISION: The reviewer found that the appellant's appeal was reviewed and evaluated by the Hiring Authority and determined to be processed as a staff complaint appeal inquiry. All staff personnel matters are confidential in nature, as such; results of any inquiry will not be shared with staff, members of the public, the general inmate population, or the appellant. Although the appellant has a right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

III　DIRECTOR'S LEVEL DECISION: Appeal is denied.

　A.　FINDINGS: Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by the Hiring Authority and a fact-finding inquiry has been completed. In the event that staff misconduct was substantiated, the institution would take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. Although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeals process.

The appellant has added new issues and requests to his appeal. The additional requested action is not addressed herein as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action (CDC Form 602, Inmate/Parolee Appeal Form, Sections A and B).

　B.　BASIS FOR THE DECISION:
California Penal Code Section: 832.5
California Code of Regulations, Title 15, Section: 3350, 3350.1, 3354, 3391
Administrative Bulletin 05/03: PROCESSING OF ADULT INMATE/PAROLEE APPEALS, CDC FORM 602, WHICH ALLEGE STAFF MISCONDUCT

✳

STATE OF CALIFORNIA – DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



June 18, 2007

GIECK, CDC #K-76640
Calipatria State Prison
P.O. Box 5002
Calipatria, CA  92233

Re: Institution Appeal Log #CAL 07-00307 Medical

Dear Mr. GIECK:

The enclosed documents are being returned to you for the following reasons:

Your appeal was previously received and is in process.  These extra documents are
not needed; therefore, they are being returned to you for your disposition.

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can
answer any questions you may have regarding the appeals process.  Library staff
can help you obtain any addresses you need.

N. GRANNIS, Chief
Inmate Appeals Branch

**\*\*\*\*PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE\*\*\*\***

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

## INMATE APPEALS BRANCH

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001

June 17, 2006

Gieck, CDC #K-76640
Calipatria State Prison
P.O. Box 5002
Calipatria, CA 92233

Re: Institution Appeal Log #CAL 06-0538 Medical

Dear Mr. Gieck:

The enclosed documents are being returned to you for the following reasons:

Your appeal was granted at the institutional level. There is no unresolved issue to be reviewed at the Director's Level of Review.

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can answer any questions you may have regarding the appeals process. Library staff can help you obtain any addresses you need.

N. GRANNIS, Chief
Inmate Appeals Branch

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

*INMATE APPEALS BRANCH*

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001

June 18, 2007

GIECK, CDC #K-76640
Calipatria State Prison
P.O. Box 5002
Calipatria, CA 92233

Re: Institution Appeal Log #CAL 07-00307 Medical

Dear Mr. GIECK:

The enclosed documents are being returned to you for the following reasons:

Your appeal was previously received and is in process. These extra documents are
not needed; therefore, they are being returned to you for your disposition.

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can
answer any questions you may have regarding the appeals process. Library staff
can help you obtain any addresses you need.

N. GRANNIS, Chief
Inmate Appeals Branch

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION        ARNOLD SCHWARZENEGGER, GOVERNOR

## INMATE APPEALS BRANCH

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



June 17, 2006

Gieck, CDC #K-76640
Calipatria State Prison
P.O. Box 5002
Calipatria, CA 92233

Re: Institution Appeal Log #CAL.06-0538 Medical

Dear Mr. Gieck:

The enclosed documents are being returned to you for the following reasons:

Your appeal was granted at the institutional level. There is no unresolved issue to be reviewed at the Director's Level of Review.

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can answer any questions you may have regarding the appeals process. Library staff can help you obtain any addresses you need.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

*SAME Document*  *new
4 n Complaint,
Exhibits A6-C*

# **VERIFICATION**

STATE OF CALIFORNIA
COUNTY OF IMPERIAL

I, _Dennis Geer_ (C.C.P. SEC. 446 & 2015.5; 28 U.S.C. 1746) DECLARE UNDER PENALY OF PERJURY THAT: I AM THE _Plaintiff_ IN THE ABOVE ENTITLED ACTION. I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS _14th_ DAY OF _September_ 2007 AT CALIPATRIA STATE PRISON, CALIPATRIA CALIFORNIA 92233-5002

(SIGNATURE) _____    *10-22-2007*

DECLARANT/PRISONER

---

## **PROOF OF SERVICE BY MAIL**
(C.C.P. SEC. 1013-(a) & 2015.5 28 U.S.C. 1746)

I, _Dennis Geer_ AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY OF IMPERIAL, STATE OF CALIFORNIA, I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM/AM NOT A PARTY OF THE ABOVE ENTITLED ACTION. MY STATE PRISON ADDRESS IS P.O. BOX 5002, CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA 92233-5002.

ON _Sept 14_ 2007 IS SERVED THE FOREGOING *EXHIBITS A6-C, "SEPARATE new*

_COMPLAINT; NOT YET SCREENED_

SET FORTH EXACT TITLE OF DOCUMENTS SERVED

---

ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY(S) THEREOF, ENCLOSED IN A SEALED ENVELOPE(S) WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA 92233-5002.

*1. Complaint
Exhibits A6-C
2. Sep-new
3.*   *Thank you*

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE _Sept 14_, 2007    _____   *10-22-07*

(DECLARANT/PRISONER)

*Thank you*

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION          ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



June 17, 2006

Gieck, CDC #K-76640
Calipatria State Prison
P.O. Box 5002
Calipatria, CA  92233

Re: Institution Appeal Log #CAL-06-0538-Medical

Dear Mr. Gieck:

The enclosed documents are being returned to you for the following reasons:

Your appeal was granted at the institutional level. There is no unresolved issue to be reviewed at the Director's Level of Review.

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can answer any questions you may have regarding the appeals process. Library staff can help you obtain any addresses you need.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

**FILED**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

OCT

**CLERK, U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**DEPUTY**

I (a) PLAINTIFFS

**Dennis M. Gieck**

2354    1983

FILING FEE PAID
Yes          No

IFP MOTION FILED
Yes

COPIES SENT TO
Court          Probs

L. Canada

(b) COUNTY OF RESIDENCE OF FIRST LISTED **Imperial**
PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**Dennis M. Gieck**
**7018 Blair Road**
**Calipatria, CA 92233**
**K-76640**

ATTORNEYS (IF KNOWN)

'07 CV 2083 J    BLM

II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX
(For Diversity Cases Only)          FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

## 42 U.S.C. 1983

V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☒ 550 Civil Rights | | | |

VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO |
|---|---|---|---|

VIII. RELATED CASE(S) IF ANY (See Instructions):    JUDGE

Docket Number

DATE    10/24/2007

SIGNATURE OF ATTORNEY OF RECORD

R. Muller