Dennis M. Gieck
(Name)
7018 Blair Road
(Address)
Calipatria, CA
(City, State, Zip)
K76640
(CDC Inmate No.)

FILED
OCT 26 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**ORIGINAL**

# United States District Court
## Southern District of California

Dennis Michael Gieck,                )
(Enter full name of plaintiff in this action.)  )
                                     )
                                     )   07CV 2083 J (BLM)
                    Plaintiff,       )   Civil Case No. _____
                                     )   (To be supplied by Court Clerk)
                                     )
v.                                   )
L. Canada, L.V.N., P.A.;             )   FIRST AMENDED
Thomas Kemp, R.PH.;                  )   Complaint under the
A.T., Registered PH.;                )   Civil Rights Act
Martin Earle Levin, MD;              )   42 U.S.C. § 1983
John Doe No. 1, PH.TECH;             )
John Doe No. 2, PH.TECH;             )
                    Defendant(s).    )
                                     )

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

_____

## B. Parties

1. **Plaintiff:** This complaint alleges that the civil rights of Plaintiff, **Dennis Michael Gieck**, (print Plaintiff's name) who presently resides at **Calipatria State Prison** (mailing address or place of confinement), were violated by the actions of the below named individuals. The actions were directed against Plaintiff at **Calipatria State Prison** (institution/place where violation occurred) on (dates) **10-10-07**, **10-12-07**, and **10-20-07**.
                                                                (Count 1)    (Count 2)    (Count 3)

§ 1983 SD Form
(Rev. 2/05)

1

2. **Defendants:** (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant __L. Canada__ resides in __Imperial County__,
           (name)                                    (County of residence)
and is employed as a __Licensed Vocational Nurse__. This defendant is sued in
                     (defendant's position/title (if any)).
his/her [X] individual [X] official capacity. (Check one or both.) Explain how this defendant was acting under color of law: __L. Canada is employed as a Licensed Vocational Nurse who told Plaintiff that his prescriptions had expired on 10-4-2007.__

Defendant __Thomas Kemp__ resides in __Imperial County__,
           (name)                                (County of residence)
and is employed as a __Registered Pharmacist__. This defendant is sued in
                     (defendant's position/title (if any))
his/her [X] individual [X] official capacity. (Check one or both.) Explain how this defendant was acting under color of law: __Thomas Kemp, Registered Pharmacist, was contacted by LVN Black and told LVN Black Plaintiff's prescriptions had "expired."__

Defendant __A.T.__ resides in __Imperial County__,
           (name)                      (County of residence)
and is employed as a __Registered Pharmacist__. This defendant is sued in
                     (defendant's position/title (if any))
his/her [X] individual [X] official capacity. (Check one or both.) Explain how this defendant was acting under color of law: __"A.T." Registered Pharmacist, was contacted multiple times by LVN Black and repeatedly refused to refill Plaintiff's analgesics.__

Defendant __Martin Earle Levin__ resides in __Imperial County__,
           (name)                                   (County of residence)
and is employed as a __Chief Medical Officer__. This defendant is sued in
                     (defendant's position/title (if any))
his/her [X] individual [X] official capacity. (Check one or both.) Explain how this defendant was acting under color of law: __Martin Earle Levin, M.D.-C.M.O. is the supervisor of all Defendants and refused to intervene. Defendants John Does No. 1 and No. 2 reside in Imperial County and are employed as pharmacy technicians. These Defendants are are sued in their individual and official capacities. These Defendants denied Plaintiff medication for severe pain and "lost" Plaintiff's prescriptions for severe thoracic-cervical pain.__

§ 1983 SD Form
(Rev. 2/05)

2

C. Causes of Action (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: right to be free from cruel and unusual punishment [DENIAL OF MEDS]
(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Count 1.]

On October 9, 2007, this Plaintiff prisoner was told by LVN Black that Calipatria State Prison Pharmacy had refused to refill Plaintiff's severe pain medications. Plaintiff immediately filed a 602 Inmate Appeal and spoke with Dr. David Hjerpe and RN T. Ventrini. Exhibit A1. Plaintiff was assured by RN T. Ventrini that the pharmacy had been contacted and that Registered Pharmacists Thomas Kemp and A.T. had been contacted by her and made aware of the "unlawful denial" of pain medication. See Exhibit A2 for prescription refills written by Doctor B. Covner dated 8-21-2007. Plaintiff was also told by RN T. Ventrini that the unnamed John Doe 1 and John Doe 2, pharmacy technicians, were informed also. So Plaintiff should consider the "denial of severe pain medication resolved." Plaintiff's Exhibit A1, lines 9-10.
When Plaintiff returned to the

Count 2: The following civil right has been violated: <u>right to medical care and prescribed medications for severe pain.</u>
(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Count 2.]

D Yard medical clinic. Plaintiff was AGAIN told by LVN Black that RN T. Ventrini had "resolved nothing" telephonically - he was told that the Registered Pharmacists and Pharmacy Technicians would NOT refill the medications, because they had "expired on October 4, 2007." Plaintiff then intradepartmentally contacted RN T. Ventrini again with an "Inmate Request for Interview" form with a 602 Inmate Appeal attached on October 12, 2007. Plaintiff's Exhibit "A" 1.

On October 16, 2007, after repeated denials of Plaintiff's prescribed medications, Plaintiff received a written response from RN T. Ventrini. RN T. Ventrini's written response states: "T. Ventrini responding to above: - This issue has been resolved. I spoke to Pharmacy again on 10/15/07 + was reassured the RX order would continue through the end of November. On 10/16/07 LVN Noriega said you were given the Tramadol in the a.m. T. Ventrini RN."

In the 7-day time period of October 9 to October 15, 2007,

<u>Count 3</u> The following civil right has been violated: **right to medical care; the right to be free from cruel and unusual punishment.**
(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts:</u> [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Count 3.]

Plaintiff was told repeatedly by LVN L. Canada that just as in the time period of June 27 to July 3, 2007, Plaintiff's severe pain medications would be "denied" (see attached U.S.D.C. case no. 07 1734 L [PCL] with exhibits and memorandum). LVN Canada said, "There's nothing I can do — it's the pharmacy's fault." Plaintiff then said to LVN Canada, "I am going to hold you all responsible, along with the pharmacy staff, for civil rights violations; i.e. denying my prescribed medications for severe pain."

On October 12, 2007, Plaintiff gave a copy of the refill order to LVN Black, who, when working, supplied Plaintiff with periodic medication. And on October 15 Plaintiff was notified by an LVN that RN Dagdagan had "fixed" the pharmacy prescription denial problem. Both RN T. Ventrini and RN Dagdagan tried to help Plaintiff nevertheless Plaintiff was repeatedly denied his medications during October 9 until October 15, 2007.

§ 1983 SD Form
(Rev. 2/05)

5

Count 3: the right to be free from cruel and unusual punishment, denial of prescribed meds.

On October 20, 2007, at approximately 6:30 a.m., Plaintiff again reported to the D Yard clinic to pick up his severe pain medications Tramadol and amitriptyline. AGAIN Plaintiff was told that his pain medications were NOT complete, that Plaintiff's amitriptyline was unavailable due to LVN Canada and the Pharmacy's "error." Plaintiff immediately filed another 602 Inmate Appeal and hereby files another lawsuit for federal civil rights violations under the Eighth Amendment.

It is the Plaintiff's position that, just as in Exhibit "A" 3, Plaintiff's civil action U.S.D.C. case No. 07 1734 L (PCL), the six aforementioned Defendants have NO intention of obeying the United States Constitution with respect to Plaintiff's federal civil rights under the Eighth Amendment. By refusing to provide Plaintiff's previously prescribed severe pain medications ordered by Dr. Covner, Defendants Canada, Kemp, A.T., Levin, John Doe no. 1 and John Doe no. 2, willfully, knowingly and maliciously violated Plaintiff's Eighth Amendment rights.

6

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or (similar) facts involved in this case? ☒ Yes ☐ No. Please see Exhibit "A" 3 for the most recently filed civil action USDC No. 071734L (PCL)

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: Dennis Michael Gieck [U.S.D.C. NO. 071734L]
Defendants: Rita Sigmond, Alberto Lopez, S. Thomas, M. Levin

(b) Name of the court and docket number: United States District Court, Southern District of California No. 071734L U.S.D.C. (PCL)

(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] Case No. 071734L (PCL) is still pending.

(d) Issues raised: Eighth Amendment violations of denial of access to medical care [emergency severe pain evaluation denied by RN Rita Sigmond, et al] as well as denial of access to qualified medical personnel.

(e) Approximate date case was filed: Early September, 2007.

(f) Approximate date of disposition: October 2008, pending trial.

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought. The below listed- 602 Appeals began in November, 2003:

1. No. 00078, Denied;
2. No. 00050, Denied;
3. No. 00255, Denied;
4. No. 00307, Denied;
5. No. 00538, Granted;
6. No. 0701356, Granted;
7. MEDICAL BOARD, CASE 10-2004-155123, Granted; "guilty findings."

D. Previous Lawsuits and Administrative Relief

1. Yes

(a) Dennis Michael Gieck; Martin Earle Levin, An Minh Nguyen

(b) United States District Court Case No. 05CV1974H (RBB)

(c) Case is being appealed in the U.S. Court of Appeals No. 07-55476.

(d) Eighth Amendment violations, i.e. Deliberate Indifference to Plaintiff's Serious medical needs

(e) October 18, 2005

(f) October, 2008

D. Previous Lawsuits and Administrative Relief

1. Yes

(a) Dennis Michael Gieck
    S.A.: Thomas, J.R. Bellinger, Martin Earle, Levin
(b) United States District Court Case No. 062719IEG(JMA)
(C) Case No. 062719IEG(JMA) is still pending.
(d) 14th Amendment violations under Sandin V. Conner
(E) November, 2006
(f) April, 2008

### E. Request for Relief

Plaintiff requests that this Court grant the following relief:

1. An injunction preventing defendant(s): _____
_____
_____
_____

2. Damages in the sum of $ 100,000.

3. Punitive damages in the sum of $ 50,000.

4. Other: Any other relief and awards this Court deems proper and just

### F. Demand for Jury Trial

Plaintiff demands a trial by ☒ Jury ☐ Court. (Choose one.)

### G. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

OR

☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

10-24-2007
Date

Signature of Plaintiff

§ 1983 SD Form
(Rev. 2/05)

10

# VERIFICATION

STATE OF CALIFORNIA
COUNTY OF IMPERIAL

UNSCREENED Gieck v. Canada, et al.

I, __Dennis Gieck__ (C.C.P. SEC. 446 & 2015.5: 28 U.S.C. 1746) DECLARE UNDER PENALTY OF PERJURY THAT: I AM THE __Plaintiff__ IN THE ABOVE ENTITLED ACTION. I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS __24th__ DAY OF __October__, 2007 AT CALIPATRIA STATE PRISON, CALIPATRIA CALIFORNIA 92233-5002.

ORIGINAL

(SIGNATURE) _____
(DECLARANT/PRISONER)

---

## PROOF OF SERVICE BY MAIL
(C.C.P. SEC. 1013 (a) & 2015.5 28 U.S.C. 1746)

I, __Dennis Gieck__ AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY OF IMPERIAL, STATE OF CALIFORNIA, I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND (AM) / AM NOT A PARTY OF THE ABOVE ENTITLED ACTION. MY STATE PRISON ADDRESS IS P.O. BOX 5002, CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA 92233-5002.

ON __October 24__ 2007 IS SERVED THE FOREGOING

__Unscreened Complaint Gieck v. Canada, et al__

SET FORTH EXACT TITLE OF DOCUMENTS SERVED

ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY(S) THEREOF, ENCLOSED IN A SEALED ENVELOPE(S) WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA 92233-5002.

Corrected Complaint
Added causes of action

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE __October 24__, 2007    _____
(DECLARANT / PRISONER)

Thank you.