# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS MICHAEL GIECK, CDCR #K-76640,<br><br>                    Plaintiff,<br><br>vs.<br><br>L. CANADA, et al.,<br><br>                    Defendants. | Civil No.  07-2083 J (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 11] |

On October 24, 2007, Dennis Michael Gieck ("Plaintiff"), an inmate currently incarcerated at Calipatria State Prison located in Calipatria, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP").

On December 14, 2007, this Court dismissed Plaintiff's civil action as frivolous because it was duplicative of a civil rights case Plaintiff had filed previously. *See* Dec. 14, 2007 Order at 3. The Court also denied Plaintiff's Motion to Proceed IFP as moot. *Id.* at 3.

////

Plaintiff now seeks reconsideration of the Court's Order because he claims the previous case he filed was not duplicative of the instant case. *See* Pl.'s Mot. at 1-2.

## I. Plaintiff's Motion for Reconsideration

### A. Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.[1] However, a motion for reconsideration may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b).[2] *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that "a postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Id.* at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

### B. Discussion

In the Court's previous Order, it was determined that Plaintiff had filed a previous § 1983 Complaint that contained the identical claims and defendants that were found in the instant action. *See* Dec. 14, 2007 Order at 2. A court "may take notice of proceedings in other courts,

---

[1] However, Local Rule 7.1(i) does permit motions for reconsideration. Under Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part...." S.D. CAL. CIVLR 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Local Rule 7.1(i)(2), however, only permits motions for re consideration within "30 days of the entry of the ruling."

[2] Rule 59(e) motions must be filed "no later than 10 days after the entry of the judgment." FED.R.CIV.P. 59(e). Under Rule 60(b), however, a motion for "relief from judgment or order" may be filed within a "reasonable time," but usually must be filed "not more than one year after the judgment, order, or proceeding was entered or taken." FED.R.CIV.P. 60(b). Reconsideration may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifies relief. FED.R.CIV. P. 60(b).

1 both within and without the federal judicial system, if those proceedings have a direct relation
2 to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*,
3 971 F.2d 244, 248 (9th Cir. 1992).

4     In Plaintiff's Motion for Reconsideration, he claims that he has alleged new facts that
5 show a continuation of the constitutional violations he alleges occurred in S.D. Cal. Civil Case
6 No. 07cv1734 L (PCL). Many of the facts alleged and the proposed exhibits all relate to the case
7 he previously filed. Thus, it is duplicative and would be frivolous to proceed against the same
8 Defendants for the same claims in two separate cases. Accordingly, Plaintiff has provided no
9 newly discovered evidence, has failed to show clear error or that the Court rendered a manifestly
10 unjust decision, and has further failed to identify any intervening changes in controlling law that
11 would demand reconsideration of the Court's Order. *School Dist. No. 1J*, 5 F.3d at 1263. **II.**

## Conclusion and Order

13     Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. No. 11].
14 The Clerk of Court shall close the file.

15     **IT IS SO ORDERED.**

17 DATED: March 28, 2008

                                           HON. NAPOLEON A. JONES, JR.
                                           United States District Judge